Haight, J.
This action was brought by the plaintiff as judgment creditor of Henry W. Ferine, to set aside an assignment for the benefit of creditors by Henry W. Ferine to J. Foster Parkhurst, upon the ground that the assignment was fraudulent and void upon its face. Upon the trial the plaintiff offered in evidence certain mortgages and conveyances tending to show actual fraud and conspiracy on the part of the assignor in and about the time of making the assignment. This evidence was excluded upon the ground that it was inadmissible under the pleadings. The plaintiff thereupon moved for leave to amend the complaint. The defendants insisted that they were not prepared to try the issue that would be raised by the proposed amendment. The court thereupon suspended the trial and put the case over the term. Subsequently the special term, upon motion, granted the relief, asked for, upon terms. Upon the hearing of the motion, one William H. Halleck, as receiver, etc., of the defendant, Henry W. Ferine, appeared and opposed the motion. Halleck was appointed receiver in supplementary proceedings and had brought an action against the same defendants to have the assignment set aside as fraudulent and void. The defendants and Halleck appealed.
No question is raised in reference to the power of the court to permit the amendment. The only grounds upon which it is claimed that the order shall be reversed are that the amendment is not in the interest of justice; that if the plaintiff succeeds in establishing the fraudulent conspiracy alleged in the amended pleading, it would result in the payment of this claim in full, to the detriment of the other creditors of Ferine; and in the second place that it gives the plaintiff an advantage over Halleck, who, as receiver, is prosecuting a similar action, brought subsequent to that of the plaintiff’s.
Neither of these claims, in our judgment, present any reason for a reversal or even a modification of the order appealed from. It is not within the province of the court to interpose obstacles in the way of the diligent creditor in the collection of his claim for fear that some other creditor who may not have been as vigilant, will suffer by such collection. The practice of allowing parties to amend their pleadings so as to set up newly-discovered facts or to release litigants from mistakes made by their attorneys, in proper cases, has become universal except in cases of gross and inexcusable loches.
In the case under consideration the plaintiff had alleged that the assignment 1 ‘ is fraudulent and void and is fraud *214 ulent and void upon its face.” The plaintiff’s attorney in his moving papers claimed that he supposed that this allegation was broad enough to permit evidence of extrinsic fraud; that the allegation that the assignment was fraudulent and void and fraudulent and void upon its face, would permit him to prosecute the action upon either grounds, and that he was surprised at the action of the court in excluding the extrinsic evidence of fraud. If this was so a proper case was presented for an amendment and the court is not called upon in this action to look after the interests of other creditors.
Again, we do not understand that Halleck has any cause of complaint. True, if the plaintiff had been defeated in his action by reason of the defect in his pleading then Halleck’s action would have been first in order, and he might have first secured his claim. But this fact presents no reason why the plaintiff should be defeated or deprived of his claim. The court considers and passes upon the claims of creditors as they are presented; and if the plaintiff is entitled to the relief asked for, under the uniform practice, it would not become the court to refuse him in order to give preference to another creditor.
The order appealed from should be affirmed, with ten dollars costs and disbursements. So ordered.
Smith, P. J.; Barker and Bradley, JJ., concur.